UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

COREY LEE SMITH,
U.S. DEPARTMENT OF JUSTICE, and
U.S. DEPARTMENT OF HUMAN AND
HEALTH SERVICES

    Plaintiffs,

v.                                Case No. 3:21cv689-TKW-HTC

NATIONAL DOMESTIC VIOLENCE
HOTLINE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Cory Smith, proceeding *pro se*, purports to bring this action on behalf of himself as well as on behalf of the U.S. Department of Justice and the U.S. Department of Human and Health Services based on Defendants' alleged refusal to assist him. ECF Doc. 1. The complaint was referred to the undersigned pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). Also before the Court is Plaintiff's Motion to Amend Respondents (ECF Doc. 6), which seeks to correct the address for the Florida Department of Children and Families Domestic Violence Coalition ("FDCF"). Upon consideration, the Court finds the complaint fails to state a claim for relief against any of the Defendants. Namely, Plaintiff cannot proceed on a *qui tam* action *pro se,* and to the extent he seeks to sue Defendants for a violation of his

individual constitutional rights, the Defendants identified are neither persons acting under the color of state law nor federal actors. Given these deficiencies, the undersigned recommends the case be dismissed *sua sponte* and without an opportunity to file an amended complaint. Also, because the undersigned is recommending dismissal, the Court finds the motion to amend respondents to correct the address of FDCF to be moot.

As an initial matter, before addressing the complaint, the Court notes that Plaintiff has not provided the Court with a street address, as he is required to do, and thus, the Court has no valid address at which to send him documents. *See* N.D. Fla. Loc. R. 5.1(E). Plaintiff identifies "General Delivery" as his address, which is not a valid address. ECF Docs. 1, 7. Indeed, the clerk's Notice to *Pro Se* Litigant, which was sent to that address, was returned as undeliverable. ECF Doc. 8. Thus, the Court expects the same will occur with this Report and Recommendation.

## I.     THE COMPLAINT

Although Plaintiff initiated this action by filing a civil rights complaint, reading Plaintiff's complaint liberally, Plaintiff is actually seeking to bring a *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733. Plaintiff's complaint is riddled with phrases such as "misleading the government," "using government grants," and "Qui Tam damages." ECF Doc. 1 at 7, 11, 12. Moreover,

Plaintiff identifies the "plaintiffs" as himself, the United States Department of Justice, and the United States Department of Health and Human Services.

The crux of Plaintiff's allegations is that Defendants the National Domestic Violence Hotline ("NDVH"), the Florida Department of Children and Families Domestic Violence Coalition ("FDCF"),[1] and Favor House refused to assist him when he contacted them with a domestic relations issue involving a family member, which "negate[s] the purpose of their grant." *Id.* at 7. Specifically, Plaintiff alleges the following:

> Beginning around March 20, 2021, numerous efforts were made to reach to for help from the National Domestic Violence Hotline, the Florida Department of Children and Families Domestic Violence Hotline, and Favor House. Despite numerous attempts to question about receiving help about a domestic violence issue regarding a blood relative, all three parties refused to help with my domestic relations issue due to the fact that I have never had sexual intercourse with the person I felt was abusing me.

*Id.*

The above paragraph is the extent of the facts alleged relating to Plaintiff's interaction with the Defendants. The remaining pages of the complaint appear to be a stream of consciousness recitation of what Plaintiff believes the Defendants' purposes should be and how he believes they are misusing their grants.

---

[1] Although Plaintiff identifies the defendant as Florida Department of Children and Families Domestic Violence Coalition, the name of the entity is the Florida Department of Children and Families. The FDCF provides a domestic violence hotline.

For example, Plaintiff claims the NDVH displayed "clear efforts" "to obtain funds from the Department of Human and Health Services in the amount of twenty million dollars" and the "Department of Justice [in the amount of] a half [of a] million dollars . . . by claiming to" help "all types of family members" despite only assisting "a smaller number of the population." *Id.* at 12.

Plaintiff also claims the NDVH, the Florida Department of Children and Families (FDCF), and Favor House "selectively discriminate[d] [against him] based on family status." *Id.* Plaintiff claims "[t]his type of discrimination . . . displays neglect for the primary reason that domestic abuse of any kind carries some sort of enhanced penalty over violence in a common street mugging." *Id.* Additionally, Plaintiff claims that although the "word Favor is an acronym for 'Family Anti Violence Organized Response[]' [i]t could easily be questioned that if Favor House only wanted to help intimate partners, would a different word besides 'Family' be used due to the fact that the word 'Family' is a very broad terms." *Id.* Plaintiff alleges that "a different term beginning with the letter 'F' . . . such as 'Fuck-buddy' or 'Fornicators' [would be] more accurate about the fact that they only serve intimate partner violence and not all family issues." *Id.* at 7–8.

As relief, Plaintiff seeks (1) to have the NDVH and the FDCF pay Qui Tam damages, "disclose all information about revenue obtained from donations by

providing misleading services,"[2] and $5 million dollars for mental anguish; and (2) to allow Favor House "sixty days to make some revisions to either be more inclusive to all family violence or modifying their advertising strategy to be more clear about the portion of family issues the[y] wish to serve." *Id*. at 12.

## II.   DISCUSSION

District courts have "'unquestionable' authority to control their own dockets. This authority includes 'broad discretion in deciding how best to manage the cases before them.'" *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (citations omitted). Thus, a district court may *sua sponte* dismiss a *pro se* litigant's complaint, where the plaintiff cannot cure the defects by amending his complaint, or an amendment would be futile. *See Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020); *Woldeab v. DeKalb Cnty Bd. of Ed.*, 885 F.3d 1289, 1291 (11th Cir. 2018). For the reasons set forth below, the undersigned recommends a *sua sponte* dismissal is appropriate in this case.

### A.   Plaintiff Cannot Bring a Qui Tam Action *Pro Se*

First and foremost, Plaintiff cannot bring a *qui tam* action under the FCA without counsel. As this District has previously held, when that occurs, "the appropriate disposition . . . is dismissal without prejudice." *Richardson v. Cap.*

---

[2] Plaintiff alleges the FDCF refused "to disclose information about how tax dollars are spent and how much" in violation of the Freedom of Information Act ("FOIA"). *Id.* at 11. However, FOIA does not apply to state agencies.

*Health Care*, No. 4:08CV119-RH/WCS, 2008 WL 3471777, at *1 (N.D. Fla. Aug. 9, 2008) (dismissing *qui tam* action brought by a *pro se* plaintiff and finding notice to the government not to be necessary).

Under the FCA, "a private individual, called a *qui tam* 'realtor' [may] file a civil action against, and recover damages on behalf of the United States from any person who," *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008), (1) "knowingly presents, or causes to be presented" to an officer or employee of the United States Government "a false or fraudulent claim for payment or approval" or (2) "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" paid or approved by the Government. 31 U.S.C. §§ 3729(a)(1)–(2), 3730(b)(1); *United States ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1308 n.4 (11th Cir. 2002). "The purpose of the [FCA] . . . is to encourage private individuals who are aware of fraud being perpetrated against the government to bring such information forward." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1237 n.1 (11th Cir. 1999).

As such, the FCA provides that actions brought by private individuals "shall be brought in the name of the Government." 31 U.S.C. § 3730(b)(1). This is because the "United States is the real party in interest in a *qui tam* action . . . even if it is not controlling the litigation." *United States ex rel. Walker v. R&F Properties of Lack County, Inc.*, 433 F.3d 1349, 1359 (11th Cir. 2005). Once a private individual

initiates an FCA action, the Government then decides whether to proceed with the action. *Timson*, 518 F.3d at 873. "If the Government proceeds with the action, it shall have the primary responsibility for prosecuting the action." 31 U.S.C § 3730(c)(1). "If the Government elects not to proceed with the action," the private individual "who initiated the action shall have the right to conduct the action." 31 U.S.C. § 3730(c)(3).

However, because a lay person cannot represent another party in litigation, a *pro se* plaintiff may not prosecute a *qui tam* action. *See Timson*, 518 F.3d at 874 (holding that the "the district court did not err in dismissing [Plaintiff's] complaint because [he] could not maintain a *qui tam* suit under the FCA as a *pro se* relator"). Thus, Plaintiff cannot bring this action *pro se*, and "[d]ismissal is plainly appropriate." *See Richardson*, No. 4:08CV119-RH/WCS, 2008 WL 3471777, at *1.

### B. Defendants Are Neither Federal Actors nor Persons Acting Under Color of State Law

Second, even assuming Plaintiff is not trying to allege a *qui tam* action and is instead trying to assert a constitutional claim against the Defendants on his own behalf, such claims fail as a matter of law. A constitutional claim against a federal agent, however, is claim brought under *Bivens v. Six Unknown Named Agents of*

*Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).[3] A constitutional claim against a "person acting under color of state law" is one brought under 42 U.S.C. § 1983.[4] Here, none of the defendants are either a federal or state actor. In either case, the defendant must be a person and either acting under color of either state or federal law.

In *Bivens*, the Supreme Court recognized "a remedy for the deprivation of a constitutional right by federal officers acting under color of federal law." *Nazer v. Fed. Bureau of Investigation*, No. 8:15-CV-2465-T-27JSS, 2015 WL 13741740, at *2 (M.D. Fla. Nov. 17, 2015), *report and recommendation adopted sub nom. Nazer v. United States*, No. 8:15-CV-2465-T-27JSS, 2016 WL 632245 (M.D. Fla. Feb. 17, 2016). "The purpose of *Bivens* is to deter *the officer*." *See F.D.I.C. v. Meyer*, 510 U.S. 471, 472 (1994) (emphasis added).

The NDVH is not a federal *officer* or *agent*. It is a not-for-profit entity. It is not even an agency of the United States, and even if it were, the Supreme Court has declined to extend *Bivens* to federal agencies. *Id.* Thus, Plaintiff's claims against

---

[3] In *Bivens*, the Supreme Court provided a remedy for violation of certain constitutional rights by federal officers, which parallels a section 1983 claim against state actors. *See, e.g.*, *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010).

[4] To state a claim under section 1983, the following elements must be shown: (1) the alleged misconduct was committed by a person acting under color of state law, and (2) this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniel v. Williams*, 474 U.S. 327 (1986).

Case No. 3:21cv689-TKW-HTC

the NDVH, even if they were cognizable as constitutional claims recognized under *Bivens*, fail as a matter of law.

Likewise, Favor House is not a person acting under the color of state law under section 1983. Like the NDVH, it is a private entity and the fact that it may receive some state funding does not alter its status as a private entity. *See Shell v. Foulkes*, 362 F. App'x 23, 27 (11th Cir. 2010) ("State action is not established merely because a private entity receives government funding or is subject to extensive government regulation." (citing *San Francisco Arts & Athletics, Inc.*, 483 U.S. at 543)); *Scott v. Findlay*, No. 3:19-CV-03753-RV-HTC, 2019 WL 6831448, at *3 (N.D. Fla. Nov. 5, 2019), *report and recommendation adopted*, No. 3:19CV3753-RV/HTC, 2019 WL 6828383 (N.D. Fla. Dec. 13, 2019) (noting that Florida private, non-profit homeless shelter did not constitute a person acting under color of state law); *Mele v. Hill Health Center*, 609 F. Supp. 2d 248 (D. Conn. 2009) (noting that a substance abuse treatment center did not act under color of state law because it received federal or state funding). Thus, Favor House is not the proper defendant to a section 1983 claim.

Although the FDCF is an agency of the State of Florida,[5] it is not a person for purposes of section 1983. It is well established that "[a] state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of

---

[5] *See generally*, https://www.myflfamilies.com/.

§ 1983." *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995); *see also*, *Wagner v. Fla. Dep't of Child. & Fams.*, No. 8:09-CV-1427-T-30TGW, 2009 WL 2355773, at *2 (M.D. Fla. July 29, 2009) ("Defendant [the Florida Department of Children and Families] is a state agency [and,] [t]herefore, . . not a 'person' subject to suit under 42 U.S.C. § 1983."). Thus, the FDCF is not a proper defendant to a section 1983 claim.

Moreover, even if Plaintiff were to try to amend his complaint to name the Secretary of the FDCF, which would be a "person" under section 1983, such an amendment would be futile. Namely, Plaintiff alleges he is suing the FDCF in its official capacity. A suit against a state actor in his official capacity is the equivalent of a suit against the state agency for which he works. *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) and *Monell v. Department of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)).

And a claim against a state agency is a claim against the state, which is barred by the Eleventh Amendment. *See Hayes v. Sec'y, Fla. Dep't of Child. & Fams.*, No. 4:10CV541-MP/CAS, 2012 WL 2848999, at *3 (N.D. Fla. May 11, 2012), *report and recommendation adopted*, No. 4:10CV541-MP-CAS, 2012 WL 2849224 (N.D. Fla. July 11, 2012) (noting that Plaintiff could not name the Florida "Department [of Children and Families] itself because as a state agency, it would be immune from suit under the Eleventh Amendment"); *Sigler v. Bradshaw*, No. 13-80783-CIV, 2015

WL 1044175, at *2 (S.D. Fla. Mar. 10, 2015) ("As a state agency, [the Florida] DCF receives the same Eleventh Amendment protection from suit in federal court as the state itself.").

### C. Plaintiff Has Not Stated an Equal Protection Claim

Finally, reading Plaintiff's complaint liberally, as this Court is required to do, *even* if Plaintiff could identify a proper state or federal actor *and* attempted to sue him/her in his/her individual capacity, Plaintiff has not stated a claim under the Fourteenth Amendment for violation of equal protection.

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Generally, equal protection violations arise when the state classifies and treats "some discrete and identifiable group of citizens differently from other groups." *See Corey Airport Servs., Inc. v. Clear Channel Outdoor, Inc.*, 682 F.3d 1293, 1296 (11th Cir. 2012).

To state an equal protection claim, Plaintiff must therefore show that the state or a federal actor treated him differently than other similarly situated persons based on his or her membership in an identifiable group or class of persons. *See id.*; *see also Leib v. Hillsborough Cty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th

Cir. 2009). Even absent a certain class, a plaintiff can establish a "class of one" equal protection claim by showing he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, (2000).

In addition, "proof of discriminatory intent or purpose is a necessary prerequisite to any Equal Protection Clause claim." *Corey*, 682 F.3d at 1297 (citing *Parks v. City of Warner Robins*, 43 F.3d 609, 616 (11th Cir. 1995)). Discriminatory purpose "implies more than intent as volition or intent as awareness. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (internal citations omitted).

Plaintiff, however, has not alleged any facts showing he was treated differently from "similarly situated persons" or the existence of any discriminatory motive in why he did not receive assistance when he called. He has provided no facts showing that other victims of domestic violence "situated similarly to him" received help. As stated above, he provides no facts at all regarding any of the domestic violence issues for which he claims he sought help other than stating it was about a "blood relative." ECF Doc. 1 at 7. Thus, Plaintiff has not stated an equal protection claim. *See GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359,

1368–69 (11th Cir. 1998) (reversing denial of dismissal on qualified immunity grounds where, as an initial matter, no equal protection claim had been stated because the complaint "merely alleges that nameless, faceless 'other' permit applicants were given better treatment").

*At best*, Plaintiff's allegations show that the hotlines fail to "single out [non-sexual] domestic violence victims as a class for *special* protection." *See McCauley v. City of Chicago*, 671 F.3d 611, 619 (7th Cir. 2011) (finding that Plaintiff's complaint, which alleged the "City failed to promulgate specific policies for [domestic violence] victims[,] . . . at most [alleged] the uneven allocation of limited police-protection services [and did] not plausibly suggest that the City maintained an intentional policy or practice of *omitting* police protection from female domestic-violence victims as a class"). While Plaintiff may believe the hotline's resources should also be used to assist domestic violence in every single context in which such violence may arise, the equal protection clause "does not entitle a person to adequate, or indeed to any, [government] protection." *Hilton v. City of Wheeling*, 209 F.3d 1005, 1007 (7th Cir. 2000); *see also DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) (noting that the government's failure to protect an individual from private violence is not actionable under the Due Process Clause).

Case No. 3:21cv689-TKW-HTC

Simply, Plaintiff's allegations of wrongdoing based on the fact that he called the hotlines for assistance and did not receive any such assistance do not constitute an equal protection claim.

### III. CONCLUSION

Given the uncurable deficiencies with Plaintiff's claims, the undersigned recommends this action be dismissed *sua sponte*. A "district court can only dismiss an action on its own motion as long as the procedure employed is fair." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)). To employ fair procedure, a district court must generally "provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007). A magistrate judge's report and recommendation provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed).

Accordingly, it is ORDERED:

1. Plaintiff's Motion to Amend Respondents (ECF Doc. 6) is DENIED as MOOT.

It is further RESPECTFULLY RECOMMENDED:

1. This case be dismissed *sua sponte* for failure to state a claim.

2. The clerk be directed to close the file.

DONE AND ORDERED this 7th day of June, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.